# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SUZANNE STEVENS,

        **Plaintiff,**

v.

PUBLIX SUPER MARKETS, INC., et al.,

        **Defendants.**

1:17-cv-1972-WSD

## OPINION AND ORDER

On November 21, 2016, Plaintiff Suzanne Stevens ("Plaintiff") filed her Complaint against Defendant Publix Super Markets, Inc.[1] ("Defendant"), in the State Court of DeKalb County, Georgia, asserting a claim of negligence for personal injuries sustained from tripping over a bicycle rack outside of Defendant's store. Plaintiff seeks an unspecified amount of damages for injuries as well as attorney's fees and expenses. (Am. Compl. ¶¶ 22-23). On May 30, 2017, Defendant removed the DeKalb County action to this Court based on diversity of

---

[1] Edens Limited Partnership was initially a Defendant in the action but was later dismissed on May 2, 2017 prior to the action being removed to the Court.

citizenship. (Notice of Removal [1]).[2] Defendant's Notice of Removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**I.  DISCUSSION**

   A.  Legal Standard

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

---

[2]  On June 21, 2017, following Defendant's removal to this Court, Plaintiff filed an Amended Complaint [7] adding two non-diverse defendants. On June 27, 2017, Defendants moved to strike the Amended Complaint. (Motion to Strike [10]). On June 30, 2017, Plaintiff moved to remand the action based on the non-diverse defendants added to her Amended Complaint. (Motion to Remand [14]).

2

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000). "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001); see also City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[U]ncertainties are resolved in favor of remand."). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). In this case, Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "The existence of federal jurisdiction is tested at the time of removal," Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008), and the burden of establishing diversity

3

jurisdiction "rests with the defendant seeking removal," Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013); City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In the event the "jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Where the pleadings fail to adequately allege the amount in controversy, a court "may review the record to find evidence that diversity jurisdiction exists." Id. at 1320. "A federal court cannot find that it has subject matter jurisdiction if the benefit a plaintiff could receive is 'too speculative and immeasurable to satisfy the amount in controversy requirement.'" Boateng v. Morrison Management Specialists, Inc., No. 1:11-cv-00142-RWS, 2011 WL 2420381, at *1-2 (N.D. Ga. June 13, 2011) (quoting Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).

B.     <u>Analysis</u>

First, Plaintiff's Amended Complaint does not claim a specific amount of damages. Although Plaintiff alleges that she "suffered serious injuries, including but not limited to a fracture of her neck, a broken nose, lacerations requiring six stitches of her face, and other injuries," she does not specify the amount of damages she seeks. (Am. Compl. ¶ 8). Instead, Plaintiff's Amended Complaint lists only categories of damages, including (1) personal injuries; (2) pain and suffering; (3) disability; (4) impaired ability to labor; (5) incidental expenses; (6) past, present, and future medical expenses; (7) permanent injuries; and (8) consequential damages to be proven at trial. (Am. Compl. ¶ 22).

Defendant's Notice of Removal similarly fails to adequately allege the amount in controversy. "Where . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). In its Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. Defendant states that Plaintiff's interrogatory responses indicate that she has incurred medical expenses in the amount of $45,871.24 for initial hospitalization, medical treatment continues for alleged orthopedic injuries and unknown medical

5

expenses, and Plaintiff has claimed lost wages totaling $734.66.  ([1] at ¶ 8).  In an effort to demonstrate that the action may result in an additional $28,394.10 in damages, Defendant submits research results from CaseMetrix.  (Id. at ¶9).  Defendant also submits an affidavit from what appears to be an unrelated attorney, James W. Hardee, indicating that attorney's fees and expenses could range from $40,000 to $45,000 for discovery and trial.  ([1.19]).

While Defendant has sufficiently established that Plaintiff seeks at least approximately $46,600 in damages, Defendant has not shown, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.  First, Defendant fails to fully explain the mechanics, reliability, or source of the CaseMetrix data.  Defendant states only that the CaseMetrix results include verdicts and settlements in personal injury cases involving alleged head and neck injury cases in Georgia.  ([1] at 5).  However, upon review of the CaseMetrix research of eight alleged similar cases, attached as Exhibit 19 to the Notice of Removal, it is clear that the cases, and thus the verdict and settlement amounts, are not comparable or lack sufficient information to conclude they involve facts similar to those at issue here.

Five of the cases are based on completely unrelated causes of injuries, including car accidents, a fall from a second story balcony, a criminal assault, and

a dog bite. ([1.19] at 6, 8-10, 13). The Court holds that these are irrelevant for purposes of determining the damages in this case. The other cases, although they involve similar causes of injuries, can also be distinguished from the facts in this case. The first involved a plaintiff who fell into the front door of a Dairy Queen and broke her nose—requiring surgery for a deviated septum. ([1.19] at 7). The case was litigated in the Superior Court of Floyd County, Georgia. (Id.). Plaintiff here sustained a broken nose, but she did not fall into a door. She has not alleged a deviated septum or that she required surgery. The second case involved a plaintiff who allegedly suffered a herniated disc resulting from a trip-and-fall at a car dealership. ([1.19] at 11). The research states the plaintiff was receiving treatment at the time for degenerative issues. Here, Plaintiff has neither alleged a herniated disc nor degenerative issues. The last case involved a plaintiff tripping on a metal door frame as she exited a retail store—sustaining a facial injury requiring stitches. ([1.19] at 12). Without more information, however, it is unclear whether the plaintiff in the research case sustained the same, worse, or lesser injuries than the Plaintiff here. The dissimilarities in the CaseMetrix research cases, and the lack of evidence regarding the database itself, do not support that Defendant established by the preponderance of the evidence that Plaintiff's damages will exceed the $75,000 threshold amount.

Defendant also submits evidence, in the form of an affidavit from what appears to be an attorney unrelated to the action, that Plaintiff's attorney's fees could amount to $40,000 to $45,000 for discovery and trial.[3] It is unclear whether this apparent unrelated attorney possesses the requisite knowledge of the action or similar experience to opine on the required remaining discovery, some of which already occurred in state court, or the likelihood that the action here will proceed to trial. The costs are purely speculative and insufficient to establish, by the preponderance of the evidence, that damages will exceed $75,000.

Because Defendant has not met its burden to allege or present evidence that the amount in controversy exceeds $75,000 and because there is a "presumption against the exercise of federal jurisdiction," the Court remands the action to the Superior Court of DeKalb County, Georgia for further proceedings.

## II. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Superior Court of DeKalb County, Georgia.

---

[3] In his affidavit, Mr. James W. Hardee provides a range of $50,000 to $60,000. It is unclear why Defendants, in their Notice of Removal, chose to alter this number.

**SO ORDERED** this 19th day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE